IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GEWNDOLYN L. FERGUSON,

          Plaintiff,                        ORDER

    v.                                           19-cv-378-wmc

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,

          Defendant.

---

On December 9, 2019, the court issued an order and judgment remanding this case to the commissioner for further proceedings under sentence four of 42 U.S.C. § 405(g) pursuant to stipulation of the parties. Now before the court is plaintiff Gwendolyn Ferguson's attorney's petition for fees pursuant to § 406(b)(1) in the amount of $19,091.63, less $4,612.60 already received by an EAJA award. Counsel also represents that the Commissioner erroneously already released $6,000 in payment of the § 406(b)(1) fee request. (Dkt. #24.) Defendant does not object to this motion, confirms that $6,000 was already sent to plaintiff's counsel in error and requests the court award the remaining $8,479.03 in its order while allowing counsel to keep the $6,000. (Dkt. #27.)

        **Fees under 42 U.S.C. § 406**

As part of its judgment, a court may allow "a reasonable fee . . . not in excess of 25 percent of the . . . past-due benefits" awarded to the claimant. § 406(b)(1)(A). The fee is payable "out of, and not in addition to, the amount of [the] past-due benefits." *Id.*

1

The parties ask the court to approve an attorney fee award in the amount of $19,091.63, which represents the difference between the prior EAJA fee award of $4,612.60 and 25 percent of $76,366.52 that was awarded to plaintiff in past-due benefits, and order that the Commissioner release the remaining $8,479.03, held in trust and allow plaintiff's counsel to keep the $6,000 erroneously released before the petition was made.  Having considered the supporting materials filed by plaintiff's attorney, and hearing no objection from defendant, the court will grant the motion.  The fees requested by counsel are reasonable in light of the time he and members of his firm spent on this case and the favorable result he obtained for plaintiff while working on a contingency basis.

Of course, counsel is not allowed to recover both awards.[1]   Section 406(b) has been harmonized with the EAJA; though fee awards may be made under both the EAJA and § 406(b), a claimant's attorney must refund to the claimant the amount of the smaller fee. *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) (explaining that "an EAJA award offsets an award under Section 406(b)").

ORDER

IT IS ORDERED that:

1. Counsel's motion for attorney fees under 42 U.S.C. § 406(b)(1) in the amount of $19,091.63 (dkt. #23) is GRANTED.

2. Plaintiff's counsel's firm is authorized to retain the $6,000 prematurely paid out of past-due benefits as well as the $4,612.60 received under the EAJA.  The

---

[1] The court notes that counsel was previously awarded EAJA fees in the amount of $4,612.60. (Dkt. #23.)

2

processing center shall pay the balance of the fee authorized by this order ($8,479.03) out of the withheld past-due benefits and shall retain the remainder pending disposition of counsel's to-be-filed petition for a fee under § 406(a).

Entered this 2nd day of November, 2021.

                                  BY THE COURT:

                                  /s/
                                  _____
                                  WILLIAM M. CONLEY
                                  District Judge